**FILED**

APR 05 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____  _____ ,DEPUTY

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Western District | |
|---|---|---|
| Name Harry Garcia | Prisoner No. 520454 | Case No.CIV-24-341-R |
| Place of Confinement: | | |

OKLAHOMA STATE REFORMATORY, GRANITE, OK.

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized Person having custody of petitioner) |
|---|---|
| HARRY GARCIA                     v. | GENTNER DRUMMOND |

Attorney General: Gentner Drummond

## PETITION

1.     Name and location of court which entered the judgment of conviction under attack? <u>Oklahoma County District Court, 320 Robert S. Kerr OKC, OK 73102.</u>

2.     Date of judgment of conviction <u>February 13, 2014</u>

3.     Length of sentence <u>Life with Possibility of Parole.</u>

4.     Nature of offense involved (all counts) <u>Murder in the First Degree</u>

5.     What was your plea? (Check one)
   (a)  Not Guilty          **X**
   (b)  Guilty              ☐
   (c)  Nolo Contendere     ☐
   If you entered a guilty plea to one indictment, and a not guilty plea to another count or indictment, give details:
   <u>N/A</u>

6.     If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a)  Jury          **X**
   (b)  Judge only    ☐

7.     Did you testify at the trial?
   Yes  **X**          No ☐

8.     Did you appeal from the judgment of conviction?
   Yes  **X**          No ☐

9.   If you did not appeal, answer the following:

(a)  Name of court  Oklahoma Court of Criminal Appeals

(b)  Result  Affirmed

(c) Date of result and citation, if known   July 28, 2015, OCCA F-2014-312

(d)  Grounds raised  1) Trial Court erred by refusing to instruct the jury on the defense of a person violating Garcia's fundamental right to present a defense; 2) Insufficient evidence to support conviction; 3) Trial Court's refusal to instruct jury on lesser related offense; 4) Cumulative trial errors warrant new trial or sentence modification. Please accord Appellant's brief @ OCCA F-2014-312 @ Petitioner's Exhibit A, fully incorporated herewith by reference.

(e)  If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1)  Name of court N/A

(2)  Result  _id.,_

(3)  Date of result and citation, if known  _id.,_

(4)  Grounds raised  _id.,_

(f)  If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1)  Name of court N/A

(2)  Result

(3)  Date of result and citation, if known  _id.,_

(4)  Grounds raised  _id.,_

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state of federal?

(a)  (1)  Name of court  N/A

(2)  Nature of proceeding  _id.,_

(3)  Grounds raised  _id.,_

CRITICAL

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐          No  X

(5)  Result  N/A

(6)  Date of result  N/A

(b)  As to any second petition, application or motion give the same information:

(1)  Name of court  N/A

(2)  Nature of proceeding  _id.,_

(3)  Grounds raised  _id.,_

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐          No  X

(5)  Result  _id.,_

(6)  Date of result  _id.,_

(c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1)  First petition, ect.        Yes  X          No ☐
(2)  Second petition, ect.     Yes ☐          No  X

(d)  If you did _not_ appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
    OCCA is "the highest state court having jurisdiction"( in Oklahoma).

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts*

supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same. CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.
   Do not check any of these listed grounds. If you select one or more of these of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.
   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   (d) Conviction obtained by use of evidence obtained pursuant to unlawful arrest.
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right to appeal.

   a.   Ground one:  Trial Court erred in refusing to instruct jury of the defense of person violating Due Process of Federal and State Constitution.

   Supporting FACTS (state *briefly* without citing cases or law):  Please see OCCA "Brief of Appellant" ( OCCA # F-2014-312) fully incorporated herewith by reference - i.e., Petitioner's Exhibit-A hereto @ page 5-9.

   B.   Ground two:  Insufficient Evidence To Support a First Degree Murder Conviction.

   Supporting FACTS (state *briefly* without citing cases or law):  Please see Petitioner's Exhibit A, i.e. "Appellant's Brief" in OCCA # F-2014-312 fully incorporated herein by reference. Violation of Due Process of 14th U.S. Const. Amendment, that a criminal defendant can be convicted "Only Upon Proof Beyond a Reasonable Doubt of every fact necessary to constitute the crime with which he is charged." Accord: *Jackson*, 443 U.S. 307, 316.

C.   Ground three:  Trial Court's refusal to instruct jury on lesser related offense violates Due Process and Constitutes Reversible Error.

Supporting FACTS (state *briefly* without citing cases or law):  Please see Petitioner's Exhibit A, i.e. "Appellant's Brief" in OCCA # F-2014-312 fully incorporated herein by reference.

Oklahoma recognizes that " the Court is obligated to instruct on any lesser offense finding support in the evidence" *Bland,* 2000 OK CR 11.

D.   Ground four:   Cumulative trial errors warrant New Trial or Sentence Modification. Please accord to Petitioner's "Ground Five" Ineffective Assistance of Counsel.

Supporting FACTS (state *briefly* without citing cases or law):  Unless a cumulative harmlessness determination can be made, collective error will mandate reversal. Accord: *U.S. V. Litwok* , 678 F.3d 208-18 (2nd Cir. 2012).
Please see also Petitioner's "Ground Five" (IAC) Please Accord: Petitioner's (§ 2254) Exhibit A.

13.     If any of the grounds listed in 12A, B, C, and D were not previously in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:  Yes, ground five only- Oklahoma Appellate Counsel refused to raise IAC on Direct Appeal, claiming, "Attorney Courtesy".  Grounds 01-04 have been presented to the State's highest Court having jurisdiction.

Ground 05- IAC is raised for the 1st time here because  Appellate Counsel declined to raise it on Direct Appeal over Petitioner's consistent objections.

E.     Ground five: Ineffective Assistance of Counsel.

Supporting FACTS (state *briefly* without citing cases or law): 1) As well pointed up in Petitioner's Exhibit A (OCCA Brief of Appellant) -Both Defense Counsel-and prosecutor expressed grave concern on Petitioner's Right of Due Process to Lesser Related Offense jury instructions to wit: (Petitioner's Exhibit A at page 14).

PROSECUTOR: "Evidence that the Defendant stabbed the victim only one time... not multiple stabs which would be more towards an intent to kill".

PROSECUTOR: "The facts and circumstances of the case... can be interpreted differently by different people, it is possible that a jury could... think... that he intended to stab him and injure him, 'But Not' intended to kill him... single stab wound only..." (Petitioner's Exhibit A at page 14).

The trial Court in Reversible Error, Rejected BOTH prosecutor and Defense Counsel's Motions for lesser Included Offense, Jury Instructions. See Exhibit A page 06 also).

2) "The Trial Court denied the Double Requested theory of defense jury instruction based on "it is Not a Uniform Instruction".

Trial Counsel was IAC by not objecting to (a) the facts that the proposed and written motion was supported by statutory reference and/or pointing up OUJI-CR (2) 8-3 covers the defense of person/family codified in section 32-when at least 5 family members present-including Petitioner's mother, sister, and a baby and/or not otherwise re-submitting a defense motion to instruct that was sufficient. (Accord: Petitioner's Exhibit A at page 6). See also Petitioner's Exhibit C at page 7.

3) Under these circumstances Mr. Garcia was unconstitutionally denied the fundamental right to a fair trial- due in large part to trial counsel's (both) theory and instruction very sub-par defense attorney performance. Accord: *Strickland v. Washington,* 466 U.S. 688. Please see also *Yarbrough v. Gentry,* 540 U.S. 1-5 (2003) (Per Curium).

> "6th Amendment Right to Counsel is the Right
> to Effective Assistance Of Competent Counsel".

**Note:** State Appellate Counsel refused to raise IAC on Direct Appeal, so raised here for 1st time as is allowed by Fed. Statute and Rules Governing §2254 Habeas Proceedings.

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?                                   Yes ☐            No **X**

15.   Give the names and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing  Brian Young, 320 Robert S. Kerr, OKC, Ok 73102

    (b)  At arraignment and plea  Same

    (c)  At trial  Same

    (d)  At sentencing  Same

    (e)  On appeal  Ms. Andrea D. Miller, OBA # 17019, Okla. Co. PD Office, 611 County Bldg., 320 Robert S. Kerr Ave. OKC, OK. 73102.

    (f)  In any post-conviction proceeding  N/A

    (g)  On appeal from any adverse ruling in a post-conviction proceeding  N/A

16.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court At the same time?         Yes ☐        No **X**

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
                              Yes ☐        No **X**

    (a)  If so, give name and location of court which imposed sentence to be served in the future:  N/A

    (b)  Give date and length of the above sentence:  N/A

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  Yes ☐      No **X**

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition. *

      Because the State of Oklahoma via verifiable state actors, i.e., primarily Oklahoma department of Corrections (ODOC) prison guards and administrators, consistently created a plethora of serious and consequential impediments to the filing of any heretofore habeas filing.  To wit:

1) In approximately less than 8 years ODOC has designated-then transferred petitioner to seven different prisons, i.e., a) Lexington, (b) Holdenville, (c) Lawton, (d) Oklahoma State Penitentiary, (e) Cimarron, (f) Sayre, and (g) Oklahoma State Reformatory, each time of which Petitioner's legal documents and materials pertinent to filing any Habeas were confiscated and either never returned at all and/or the few times when returned, only a few torn pages if, returned.

2) Furthermore, Petitioner served hole time (segregation) at Lawton, Lexington, Holdenville, OSP and Cimarron for periods of time exceeding years under same said confiscated Habeas pertinent legal documents and materials w/o the return thereof.

3) Moreover, No less than 14 ODOC prison guards, some names known, others not, but all identifiable by ODOC post-records (and by sight) under the guise of "shake down" (hundreds of prison cell searches). All ODOC records thereof hereby demanded produced by ODOC record

keepers, Unconstitutionally and Criminally stole Petitioner's pertinent habeas legal documents and materials (including fully completed USAC/WAOK habeas forms never to be returned, stating variously "Suing Us Huh?! This Will Stop That." (Stealing pertinent habeas related legal documents and materials). Even though each and every one was told that "habeas does not sue prison personnel." This occurring dozens of times throughout every ODOC prison to which I have been designated and transferred.

4) Also, as ODOC records can show, I was medically and mentally unable to do the habeas work for a period of time of years.

5) Additionally, I was writted out of ODOC numerous times for significant periods of time, i.e., numerous courts of varying venues and with all pertinent habeas legal documents and materials arbitrarily removed from my possession by ODOC personnel.

6) Lastly in this regard, it is respectfully pointed up that Title 28 U.S.C. § 2254 Statutes and Rules allow for exceptional circumstances cases, of which this case is certainly, plainly, and clearly one, i.e., a most serious of all crimes- 1st Degree Murder case wherein Defendant (Petitioner herein) was convicted by a jury w/o a reasonable finding of Mens Rea and outrageously disallowed to present a valid defense of family/others defense at trial. Please accord Petitioner's Exhibit A at page 05 at Proposition one.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;

   (B) the date on which impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discover through exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To Reverse and Remand this U.S. Constitutional Violated Conviction for a New U.S. Constitutionally Compliant Trial.

Respectfully Submitted,

*HARRY GARCIA*
Signature of Petitioner or Attorney (if any)

VERIFICATION

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this _____ day of _____, 2024 .

Executed (signed) on this _____ day of _____, 2024.

*HARRY GARCIA*
Signature of Petitioner