IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARRY GARCIA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-24-341-R |
| | ) |
| GENTNER DRUMMOND, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation [Doc. 6] regarding Petitioner Garcia's Petition for Writ of Habeas Corpus [Doc. 1] brought under 28 U.S.C. § 2254. Judge Mitchell found the Petition untimely and Petitioner's circumstances not to warrant equitable tolling. Judge Mitchell recommends the Court dismiss the Petition. Petitioner Garcia, a state prisoner appearing *pro se*, objected to the Report and Recommendation claiming seven distinct objections. Having reviewed *de novo* the portions of the Report to which Petitioner raised specific objections as required, the Court ADOPTS the Recommendation and DISMISSES the Petition.

I.   BACKGROUND

Mr. Garcia was convicted of murder in the first degree by an Oklahoma jury on February 13, 2014. The Oklahoma Court of Criminal Appeals affirmed Mr. Garcia's conviction on July 28, 2015. Petitioner did not seek post-conviction relief from the Supreme Court.

The instant habeas application is Petitioner's first. It was filed with this Court on April 5, 2024. In it, Petitioner alleges a multitude of trial errors. Among them, Petitioner claims error via the jury instructions, insufficient evidence, ineffective assistance of counsel, and cumulative trial error.

## II.    LEGAL STANDARD

The Tenth Circuit has summarized the standard to be used by district courts when evaluating a § 2254 application on its merits:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs federal habeas review of state court decisions. *See* 28 U.S.C. § 2254. When, as here, the § 2254 applicant presented his federal law issues in the state court proceedings and the merits of those issues were adjudicated there, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

*Twobabies v. Patton*, 662 F. App'x. 574, 576 (10th Cir. 2016).

However, statutory time bars apply to Section 2254 proceedings, as well. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Unless the applicant presents uncommon circumstances, which are not relevant to this case, the limitation period begins to run following the date on which the state's final judgment was no longer appealable. *Id.* at § 2244(d)(1)(A); *see Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The limitations period is tolled by statute during the pendency of a direct appeal in state court. 28 U.S.C. § 2244(d)(2). An applicant may also be entitled to equitable tolling "if he shows

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

### III. DISCUSSION

Petitioner's habeas petition is filed well out of time, and he has not offered a valid basis for equitable tolling that would allow the Court to consider his application. Though Petitioner has objected to the Report and Recommendation, his objections do not affect the timeliness of his application.

As an initial matter, the Court agrees with Judge Mitchell's finding that the instant application is untimely. Because Petitioner's conviction became final on October 26, 2015, the statutory year in which he was able to file a timely habeas petition expired on October 26, 2016. Doc. 6: Report and Recommendation at 6-7. As such, the Application is not remotely close to being timely. Nearly seven and a half years has elapsed since Petitioner was last able to seek timely habeas review. Thus, Petitioner must demonstrate circumstances that warrant equitable tolling for the entirety of that time.

Petitioner cannot do so. Equitable tolling is an extraordinary remedy that is justified "only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation omitted). Petitioner must demonstrate that he has diligently pursued his rights since the expiration of the statutory period in October 2016, but extraordinary circumstances constantly thwarted his efforts to file an application. *See Holland*, 560 U.S. at 649. Reviewing the Petition, Mr. Garcia offers several explanations for the lengthy delay, including various transfers between prisons, segregated confinement,

and medical issues. Doc. 1 at 7-8. It is true that certain instances Petitioner cites could warrant equitable tolling, such as segregated confinement. *See Green v. Kansas*, 190 F. App'x 682, 684-85 (10th Cir. 2006). However, he does not demonstrate that he was working diligently on his habeas application only to be frustrated by eight continuous years of extraordinary circumstances. Accordingly, the Court agrees with the Recommendation that equitable tolling due to extraordinary circumstances is not appropriate in this case.

Petitioner's objections to this conclusion are not compelling. Objections One, Two, and Three merely restate the allegedly extraordinary circumstances already described in his Petition, request the Court subpoena Oklahoma Department of Corrections for more information, and move for an evidentiary hearing on said information. Because 28 U.S.C. § 2244 does not entitle a habeas petitioner to an evidentiary hearing, it is within a court's discretion whether to hold one. *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001). The Court declines to hold a hearing on this matter, finding it unwarranted given that the evidence Petitioner seeks would not support nearly eight years of equitable tolling.

The only other possible avenue to equitable tolling for Petitioner is the assertion of actual innocence. "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Judge Mitchell found that Petitioner did "not present any new evidence in support of his actual innocence, instead asserting only insufficient evidence to convict[.]" Report and Recommendation at 10. The Court agrees. Objections Four, Five, and Six represent Petitioner's theory that his new claims of his counsel's ineffectiveness do constitute the necessary new evidence of his

4

innocence. Doc. 7 at 2. However, "tenable actual-innocence gateway pleas are rare" and "unjustifiable delay" by a petitioner is "a factor in determining whether actual innocence has been reliably shown." *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). Here, Petitioner raises this argument more than eight years following his conviction without offering any newly discovered evidence. Moreover, he never professes to be *actually innocent* of the killing for which he was convicted. Rather, he suggests there was insufficient evidence to convict him and that the jury should have been instructed that he acted in defense of others. All told, the Court is not swayed by Petitioner's objections and does not find a credible showing of actual innocence.[1]

## IV.   CONCLUSION

The Court ADOPTS the Report and Recommendation [Doc. 6] in full. The Petition is untimely by nearly eight years, and it does not establish a basis for equitable tolling or state a credible claim of actual innocence. Accordingly, Mr. Garcia's Petition for Writ of Habeas Corpus [Doc. 1] is DENIED. Furthermore, Petitioner's Motions [Docs. 5, 8] relating to the Petition are DENIED as moot.

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). "When, as here, the district court denies relief on procedural grounds, the petitioner ... must show both that jurists of

---

[1] Objection Seven is irrelevant to the issue of the Petition's timeliness or claims of actual innocence.

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Kelley v. Bowen,* No. CIV-22-00079, 2022 WL 2110847 at *1 (W.D. Okla. June 10, 2022) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)) (internal quotation marks omitted). Upon consideration, the Court finds the requisite standard is not met in this case, and a COA is therefore DENIED.

    **IT IS SO ORDERED** this 26th day of August 2024.

*[Signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE